IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs,

v.

NAPLES GOLF AND BEACH CLUB, INC., a
Florida Corporation; NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware limited liability company;
NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a
Delaware limited liability company,

    Defendants.
_____/

Case: 1:24-cv-03127
Assigned To : Reyes, Ana C.
Assign. Date : 11/4/2024
Description: Pro Se Gen. Civ. (F-DECK)

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a Delaware
limited liability company,

    Defendants / Counterclaimants,

v.

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs / Counterdefendants.
_____/

<u>**NOTICE OF REMOVAL**</u>

RECEIVED
NOV - 4 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

Gregory B. Myers ("Mr. Myers") hereby removes to the United States District Court for the District of Columbia ("District Court") that certain cause of action filed in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, styled *Gregory B. Myers, et al. v. Naples Golf and Beach Club, Inc., et al.*, Case No.: 21-CA-1441, together with any counterclaims (collectively, the "State Action"). In support, Mr. Myers states as follows:

The State Action is removable in accordance with 28 U.S.C. §§ 1334 and 1452. Any claim or cause of action pending in a state court may be removed to the district court under 28 U.S.C. §1452(a) if the district court has jurisdiction over such claim or cause of action under §1334. On November 18, 2015, Mr. Myers filed a voluntary petition for reorganization under chapter 11 of Title 11 of the U.S. Code, Case No. 15-26033. On January 28, 2021, Mr. Myers filed a voluntary petition under chapter 13 of Title 11 of the U.S. Code, Case No. 2:21-bk-00123. On November 18, 2021, Counterclaimants filed a Counterclaim against Mr. Myers violating the automatic stay under 11 U.S.C. § 362(a). It is well settled that acts taken in violation of an automatic stay are void and without effect. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)). Accordingly, there is no final order in the state court action that fully and finally disposes of all claims against all parties. Moreover, a void state court decision is a legal nullity that may be collaterally challenged at any time. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). Further, the *Rooker-Feldman* doctrine does not bar review of a state-court decision regarding the applicability of an automatic bankruptcy stay under 11 U.S.C. § 362. This Court therefore has *"related to"* jurisdiction of the subject claims and causes of action under Section 1334 and the test set forth in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984).

The State Action is a civil action for declaratory and injunctive relief where Counterclaimants have violated Section 404 of Clean Water Act (CWA) by discharging contaminated dredged or fill material into waters of the U.S. (i.e., the Gulf of Mexico). On February 27, 2024, I wrote to the U.S. Army Corps of Engineers (Corps) and advised them that the Naples Beach Club had submitted an application to FEMA predicated on fabricated topo data to obtain a fraudulent Letter of Map Revision (LOMR). The FEMA application was also missing documentation showing compliance with Section 7(a)(2) of the Endangered Species Act (ESA). I also informed the Corps that the City of Naples Flood Plain Coordinator who signed the FEMA application on September29, 2020, subsequently resigned after having admitted during an ethics investigation that she had accepted payments from private developers seeking to obtain permits from the City of Naples. The Naples Beach Club is currently pumping contaminated groundwater into the Gulf of Mexico in violation of the Clean Water Act (CWA). According to the Earth Systems Report, the contaminated groundwater contains "concentrations of Naphthalene and 2-Methynaphthalene also exceeded their respective Chapter 62-777, FAC Natural Attenuation Default Concentrations (NADCs)." According to the U.S. Department of Health and Human Services (HHS), "naphthalene is reasonably anticipated to be a **human carcinogen**."

On February 28, 2024, Mr. Myers was copied on an email from "Federici, Luigi G CIV USARMY CESAJ (USA)" which states:

> Good afternoon,
>
> The below information is provided to you regarding alleged unauthorized work at 851 Gulf Shore Blvd N. Naples, FL,34102. Mr. Myers sent an email about an ongoing project in Naples FL to the SAJ general email inbox at approx.1500 on 28 February 2024. It was then forwarded to me as the RPA for the Ft. Myers USACE Permitting Office. Mr. Myers requested via email and a phone conversation that he would like this matter to be immediately brought to the

> attention of the USACE SAJ Enforcement Team and the FDEP. **This because Mr. Myers clearly pointed out that the Naples Golf and Beach Club neglected to obtain a permit from the USACE Jacksonville FL Regulatory Division**. As per the FDEP ERP Permit #387544-001 (page 2 & 3) "Your proposed activity as outlined on your application and attached drawings does not qualify for Federal authorization pursuant to the State Programmatic General Permit and a SEPARATE permit or authorization shall be required from the Corps. You must apply separately to the Corps using their APPLICATION FOR DEPARTMENT OF THE ARMY PERMIT, ENG FORM 4345, or alternative as allowed by their regulations". **It is of note that the RPA for the Ft. Myers Permitting Office did not find a project on file in USACE database for this project site**. Also, the Supplemental Site Assessment Report (for Shelton Jaguar) 800 9th Street North Naples, Florida is available upon request from Mr. Myers. In closing, Mr. Myers has been provided information on how to contact the USACE SAJ Enforcement Team and we thank him for his concern for environmental standards, state regulations and federal guidelines for projects in Waters of the United States (WOTUS).

(Emphasis supplied). See composite Exhibit A.

On March 4, 2024, "Federici, Luigi G CIV USARMY CESAJ (USA)" sent Mr. Myers and email, stating:

> Hopefully, you received the last email that I send regarding your report of a violation in regard to the Naples Golf & Country Club. Also, enclosed is a sample of the form and type of attachments <u>that you would send</u> to the USACE SAJ Enforcement Team via
>
> **Regulatory Enforcement**
>
> The Corps of Engineers' enforcement program is based on a policy of the regulation of the waters of the United States by discouraging activities that have not been properly authorized and by requiring corrective measures, where appropriate, to ensure those waters are not misused and to maintain the integrity of the program.
>
> If a violation is suspected, steps are taken to inspect the suspected violation in a timely manner. The scheduling of investigations will reflect the nature and location of the suspected violations, the anticipated impacts, and the most effective use of inspection resources available. These investigations should confirm whether a violation exists, and if so, will identify the extent of the violation and the responsible parties.
>
> The Corps may issue orders requiring corrective action including removal of the unauthorized work and restoration, and/or in certain cases accept an after-the-fact

permit application, initiate legal action, or recommend referral to the Environmental Protection Agency for administrative, civil or criminal penalties. The EPA has independent enforcement authority under the Clean Water Act for unauthorized discharges. The Corps works closely with the EPA to coordinate the most effective and efficient resolution of Section 404 Clean Water Act violations.

For appropriate cases, the Corps may recommend criminal or civil actions to obtain penalties for violations. Appropriate cases for criminal or civil action include, but are not limited to, violations which, in the Corps' opinion, are willful, repeated, flagrant, or of substantial impact.

**Reporting a Potential Unauthorized Activity**

**The Corps relies heavily on the public to report unauthorized activities**. If you suspect an unauthorized activity has occurred or is underway, you may report your observations by completing the Violation Reporting Form by selecting "Report a Violation" located under Regulatory Pages. All reports will be sent to the appropriate office for review.

(Emphasis supplied). See composite Exhibit A.

On March 5, 2024, Mr. Myers received an email from "SAJ-RD-Enforcement (saj-rd-enforcement@usace.army.mil)" in "RE: [Non-DoD Source] REPORT OF SECTION 404 CLEAN WATER ACT VIOLATION ANDUNAUTHOIZED WORK AT: 851 Gulf Shore Blvd N. Naples, FL, 34102" stating:

Good afternoon Russ and Mr. Myers,

I spoke with Mr. Myers this afternoon regarding concerns over development at 851 Gulf Shore Blvd. Offinitial reviewand conversations with leadership, it seems that concerns regarding pollutant discharges from outfall pipes wouldnot full under our jurisdiction under section 404, rather section 401/402. We also had discussions regarding 404jurisdiction where I explained our post-assumption '300ft' rule. **Please note Mr. Myers the following:**

**On Thursday, February 15th, the U.S. District Court for the District of Columbia issued a decision vacating the U.S. Environmental Protection Agency's approval of Florida's application to assume Clean Water Act Section 404 permitting responsibilities in certain waters in Florida.** In light of this decision, the U.S. Army Corps of Engineers (USACE) is currently the only entity in the State of Florida with authority to issue permits under Section 404 of the Clean Water Act. The USACE recognizes that either the District Court or an Appellate Court may issue a full or partial stay of the February 15th order at some

5

> point. In the interim, applicants may submit applications to the USACE for activities involving the discharge of dredged or fill material into formerly state-assumed waters. The USACE will begin processing any applications it receives, however applicants and stakeholders should recognize the uncertainty surrounding the current litigation.

(Emphasis supplied). See composite Exhibit A.

The federal officer removal statute, codified at 28 U.S.C. § 1442, seeks to provide a neutral federal forum to preserve the supremacy of federal law and prevent federal officers and their agents from being improperly sued or punished when they attempt to perform their duties. Section 1442(a)(1) also allows for removal of cases against a person acting under the direction of a federal official if the directing official was acting pursuant to their official authority. Here, Mr. Myers acted under the direction of "Federici, Luigi G CIV USARMY CESAJ (USA)" and Counterclaimants are now seeking prosecute Mr. Myers for contempt for "making representations of such claims to third parties or to government entities, agencies, employees or officials…and from filing any document in the public records asserting such claims." Accordingly, this Court possesses jurisdiction in this case under 28 U.S.C. § 1442(a)(1).

This action is removable in accordance with 28 U.S.C. § 1442(a)(2). Section 1442(a)(2) requires that (1) an action be instituted in state court; (2) the action be against or directed to the holder of a property right; (3) the property right be derived from a federal officer; and (4) the action would "affect" the validity of a federal law. *Id.* Mr. Myers's property rights were, inter alia, derived from the Bankruptcy Court ("federal officer") pursuant to Title 11 of the U.S. Code, and the action of the Counterclaimants attacks the validity of a federal law, including without limitation 11 U.S.C. § 362(a). Accordingly, this Court also possesses jurisdiction in this case under 28 U.S.C. § 1442(a)(2).

Removal of this action is timely. The one-year time limit specified in 28 U.S.C. § 1446 does not apply to removals under 28 U.S.C. § 1452. *Alternatively*, under 28 U.S.C. § 1446(b)(3), a case may be removed within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, subsection (b)(3) was triggered when Counterclaimants filed on October 24, 2024, a motion to hold Mr. Myers in contempt.

Removal of a state court proceeding to a district other than the district in which the state court is located is a defect of venue and not jurisdiction. Accordingly, this court has jurisdiction to hear the removed case. See *Peterson v. BMI Refractories*, 124 F.3d 1386, 1388 (11th Cir. 1997), holding "failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) [the general federal removal statute] is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."

Mr. Myers certifies that within fourteen (14) days of filing this Notice of Removal, she will file true and legible copies of all process, pleadings, documents, and orders which have been served upon her, along with a copy of the current state court docket sheet.

Mr. Myers does not consent to the entry of final orders or judgment by an Article I Judge.

Mr. Myers specifically requests an opportunity to respond in writing, including with affidavits, to any motion to remand filed in this case.

Respectfully submitted,

_____
Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2024, the foregoing NOTICE OF REMOVAL was filed with the Clerk of the District Court and a copy of same was was furnished via first class U.S. Mail, postage prepaid to the following parties:

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive, Suite 501
Naples, FL 34108

Glenn T. Burhans, Jr.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602

_____
Gregory B. Myers, pro se