**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREGORY B. MYERS,

    Counterplaintiff,

v.

**Case 1:24-cv-03127-ACR**

NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company; NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27 2021; and NBC CLUB OWNER, LLC, a Delaware limited liability company,

    Counterdefendants.

_____/

## COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY

GREGORY B. MYERS ("Mr. Myers" or "Counterplaintiff") files this *Counterclaim And Demand For Trial By Jury* (the "Counterclaim") against NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company, NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27 2021; and NBC CLUB OWNER, LLC, a Delaware limited liability company (collectively "NBC Entities"), and does allege as follows:

**PARTIES**

1. Counterplaintiff GREGORY B. MYERS ("Mr. Myers") is a citizen of the state of Florida;

1



2. Counterdefendant NAPLES PROPERTY HOLDING COMPANY, LLC is upon information and belief a Delaware limited liability company.

3. Counterdefendant NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC is upon information and belief a Delaware limited liability company.

4. Counterdefendant NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC is upon information and belief a Delaware limited liability company.

5. Counterdefendant NBC CLUB OWNER, LLC is upon information and belief a Delaware limited liability company.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question) and 28 U.S.C. § 1332 (Diversity). This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and implemented through Rule 57 of the Federal Rules of Civil Procedure.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. On January 28, 2021 (the "Petition Date"), Mr. Myers filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Case No. 2:21-bk-00123 (the "Florida Bankruptcy Case").

9. On May 27, 2021, Mr. Myers filed a Complaint in the Circuit Court for the Twentieth Judicial Circuit for Collier County, Florida, Case No. 21-CA-1441 (the "State Court Action"), alleging that he had appurtenant easement and use rights in certain land then owned by Naples Golf and Beach Club, Inc. and being developed by the Counterdefendants in Naples, Florida.

10. Under Florida law, "an easement is a right to use another's land for some particular purpose." *SHM Cape Harbour, LLC v. Realmark META, LLC*, 335 So.3d 754, 759 (Fla. Dist. Ct. App. 2022) (internal quotation marks and citations omitted). Thus, federal courts have held that an action to affect or interfere with a debtor's easement rights is an attempt to "exercise control over property of the estate" in violation of 11 U.S.C. § 362(a)(3). *In re Colonial Penniman, LLC*, 575 B.R. 664, 689 (Bankr. E.D. Va. 2017); *see also Keller v. Burnett*, 2008 WL 2857393 at *17 (D. Idaho July 21, 2008) (holding asserted implied easement was "a property right that would have become bankruptcy estate property under 11 U.S.C. § 541(a)"). Thus, Appellants' asserted easement rights were part of Mr. Myers's bankruptcy estate in the Florida Bankruptcy Case and subject to the automatic stay under 11 U.S.C. § 362.

11. Mr. Myers' bankruptcy schedules reflected that the property upon which he based his claims of appurtenant easement and use rights was his exempt Florida homestead property.

12. On June 21, 2021, in violation of the Bankruptcy Stay, the Counterdefendants filed an *Emergency Motion Of Defendant Naples Property Holding Company, Llc To Dissolve Wrongful Lis Pendens* in the State Court Action.

13. On July 8, 2021, Mr. Myers filed a Suggestion of Bankruptcy in the State Court Action asserting, inter alia, that the appurtenant easement and use rights in certain land being developed by the Counterdefendants in Naples, Florida was property of his bankruptcy estate and thus subject to the automatic stay resulting from his Florida Bankruptcy Case under 11 U.S.C. § 362 (the "Bankruptcy Stay").

14. On July 9, 2021, at a hearing in the State Court Action, counsel for the Counterdefendants (Ms. Huneycutt) represented to the state court, "Should we take affirmative action we would get an order from [the Florida bankruptcy court]." .

15. On September 28, 2021, in violation of the Bankruptcy Stay, the Counterdefendants filed a *Motion For Mandatory Joinder Of [Mr. Myers's] Wife As Indispensable Party Plaintiff*.

16. On October 15, 2021, in violation of the Bankruptcy Stay, the Counterdefendants purchased the land in which Mr. Myers had appurtenant easement and use rights for $362,289,599.00

17. On October 20, 2021, in violation of the Bankruptcy Stay, the Counterdefendants moved for leave to file a Counterclaim against Mr. Myers in the State Court Action to quiet title to the property in which Mr. Myers claimed appurtenant easement and use rights.

18. On November 12, 2021, Mr. Myers filed an opposition in the State Court Action in which he argued that the Counterdefendants' Counterclaim against Mr. Myers would violate the Bankruptcy Stay under 11 U.S.C. § 362.

19. On November 18, 2021, in violation of the Bankruptcy Stay, the Counterdefendants filed a Counterclaim against Mr. Myers in the State Court Action to quiet title to the property in which Mr. Myers claimed appurtenant easement and use rights (the "Counterclaim").[1] In the Counterclaim, the Counterdefendants' acknowledged that Mr. Myers "took title to their property" years before the filing of the Florida Bankruptcy Case. Thus, Counterdefendants attempted to, inter alia, "exercise control over property of the estate" by asserting their Counterclaim seeking to extinguish Mr. Myers's claimed appurtenant easement and use rights.

---

[1] See, e.g., *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) ("an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit").

4

20. On December 8, 2021, G. Helen Athan, counsel for the Counterdefendants, testified under oath as follows:

> MR. MYERS: So you would agree that whoever purchases block seven with reference to this plat, the Naples Gulf and Beach Club tract, the name of the plat at plat book one, page 63 has some rights as a result of this dedication, would you not?
> MS. ATHAN: **Yes**.

(Emphasis supplied).

21. On December 16, 2021, in violation of the Bankruptcy Stay, the NBC Entities filed a *Motion for Default* in the State Court Action.

22. On December 23, 2021, in violation of the Bankruptcy Stay, the NBC Entities sent Mr. Myers a cease and decist letter after having **physically accosted** Mr. Myers while he was walking on the sidewalk.

## COUNT I
## 11 U.S.C. §362(k)
## (All Counterdefendants)

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Section 362 of the Bankruptcy Code provides that a petition filed under the Code operates as a stay applicable to all entities of "(1) the commencement or continuation … of a judicial, administrative, or other action … against the debtor that was or could have been commenced before the commencement of the case … or (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

25. Section 363(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover

punitive damages."

26. The Counterdefendants' act of filing the Counterclaim against Mr. Myers in the State Court Action without having obtained an order of relief in Mr. Myers's Florida Bankruptcy Case constitutes, *inter alia*, an act to obtain possession of property of the estate or of property from the estate in violation of the Bankruptcy Stay.

27. At the time the Counterdefendants filed the Counterclaim, the Counterdefendants had knowledge of the commencement of Mr. Myers's Florida Bankruptcy Case.

28. Mr. Myers has and continues to be injured by the Counterdefendants' knowing and willful violation of the Bankruptcy Stay.

29. Mr. Myers is entitled to actual and punitive damages as a result of the Counterdefendants' knowing and willful violation of the Bankruptcy Stay.

WHEREFORE, Counterplaintiff, GREGORY B. MYERS, demands judgment against the Counterdefendants, jointly and severally, in an amount not less than $362,289,599.00, together with an award of punitive damages, attorneys' fees and costs, and for such other relief as full justice demands.

## COUNT II
### Negligent Infliction of Emotional Distress
### (All Counterdefendants)

30. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

31. The Counterdefendants' unlawful actions and rogue tactics—including physical accosting Mr. Myers on the sidewalk and threatening him with physical harm—constitute malicious, wanton, willful, oppressive, and reckless indifference to the life, safety, and rights of Mr. Myers, including the right to the peaceable possession of his person and property.

32. The Counterdefendants had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Mr. Myers would result, and, despite that knowledge, intentionally pursued said course of conduct, resulting in injury or damage to Mr. Myers.

33. The Counterdefendants knew their conduct was reckless and not justified under the circumstances.

34. The Counterdendants unlawful and reckless conduct was motivated by the potential for unreasonable financial gain, constituting unclean hands.

35. As a direct and proximate cause of the Counterdefendants unlawful and reckless conduct, Mr. Myers has experienced severe emotional distress and mental pain and suffering with physical manifestations.

WHEREFORE, Counterplaintiff, GREGORY B. MYERS, demand judgment against the Counterdefendants, jointly and severally, in an amount not less than 100,000,000.00, together with an award of attorneys' fees and costs, and for such other relief as full justice demands.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all claims or issues so triable.

Dated: February 5, 2025

Respectfully submitted,

*(signature)*

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2025, the foregoing COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY was filed with the Clerk of the District Court and a copy of same was was furnished via first class U.S. Mail, postage prepaid to the following parties:

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive, Suite 501
Naples, FL 34108

Glenn T. Burhans, Jr.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602

Gregory B. Myers, pro se