# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs,

    v.                                                                                    No.: 1:24-cv-03127-ACR

NAPLES GOLF AND BEACH CLUB, INC., a
Florida Corporation; NAPLES PROPERTY
HOLDING COMPANY, LLC, a Delaware
limited liability company; NAPLES BEACH
CLUB LAND TRUST TRUSTEE, LLC, a
Delaware limited liability company, as Trustee
under the Land Trust Agreement dated as of May
27, 2021; NAPLES BEACH CLUB PHASE II
AND III LAND TRUST TRUSTEE, LLC a
Delaware limited liability company, as Trustee
under the Land Trust Agreement dated as of
May 27, 2021; and NBC CLUB OWNER, LLC,
a Delaware limited liability company,

    Defendants.
_____/

NAPLES BEACH CLUB LAND TRUST
TRUSTEE, LLC, a Delaware limited liability
company, as Trustee under the Land Trust
Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC a Delaware limited liability company,
as Trustee under the Land Trust Agreement dated as of
May 27, 2021; and NBC CLUB OWNER, LLC, a
Delaware limited liability company,

    Defendants/Counterclaimants,

    v.

GREGORY B. MYERS and
BARBARA ANN KELLY,

    Plaintiffs/Counterdefendants.

### NBC ENTITIES' AMENDED[1] REPLY IN SUPPORT OF ITS TIME-SENSITIVE MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR REMAND, AND REQUEST FOR VEXATIOUS LITIGANT SANCTIONS [D.E. # 11]

Defendants/Counterclaimants NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC; NAPLES PROPERTY HOLDING COMPANY, LLC and NBC CLUB OWNER, LLC (collectively, "NBC Entities"), file the instant Amended Reply as directed by the Court's Minute Order issued March 10, 2025, and provide the following legal points and authorities in support:

### TIME-SENSITIVE REQUEST

This is Plaintiff, Gregory B. Myers ("Myers"), ***third attempted removal after final judgment*** of the state court litigation initiated by Myers, and later joined by his wife Barbara Ann Kelly ("Kelly"), in *Myers v. Naples Golf and Beach Club, Inc. and Naples Property Holding Company, LLC*, Case No. 11-2021-CA-001441-0001-XX ("State Court Litigation"). Myers orchestrated the *third removal* solely to avoid

---

[1] Amended to add proposed order as an attachment. No other changes made.

2

the imposition of filing and financial sanctions for his relentless contempt of the State Court Litigation's Amended Final Judgment. Myers persistent vexatious and bad-faith conduct underpins the time-sensitive nature of this request and his *Response in Opposition to Motion to Remand* ("Myers's Response") is solely designed to obfuscate the record and continue to duplicate the proceedings to the detriment of the NBC Entities. [D.E. # 32].

## **INTRODUCTION**

The Court directed Myers to respond to NBC Entities' *Time-Sensitive Motion to Dismiss, or Alternatively, Motion for Remand, and Request for Vexatious Litigant Sanctions* [D.E. # 11] ("Remand Motion") by March 24, 2025. *See Court's Minute Order issued March 10, 2025*. Myers's Response purposefully misstates the record and attempts to use his continued vexatious filings and appeals to support the Court's jurisdiction. None are availing. Accordingly, the Court should grant the Remand Order and expeditiously enter an Order granting the following relief:[2]

1. Remand of the instant case *nunc pro tunc* to November 4, 2024, declaring Myers's third-attempted removal null, void, and of no effect;
2. Denying all pending motions, counter-claims, and attempted amendments of claims filed by Myers in this Court;

---

[2] A Proposed Order has been provided contemporaneously with this filing.

3

3. Declaring Myers and Kelly vexatious litigants and enter an injunction prohibiting any person, entity related to, associated with, employed by, controlled by, or otherwise on their behalf from filing any further matters or removals in any federal court absent either (i) the prior authorization of the appropriate court or (ii) the complaints, petitions, or removals are signed by an attorney in good standing with their applicable state bar and licensed to practice law in that jurisdiction;

4. Award NBC Entities its attorneys' fees, costs, and expenses incurred resulting from the third improper removal of the State Court Litigation. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

I.  **STATEMENT OF POINTS AND AUTHORITIES**

The Court held a *Pre-Motion Conference* on March 10, 2025 to address NBC Entities' *Time-Sensitive Motion to Dismiss, or Alternatively, Motion for Demand, and Request for Vexatious Litigant Sanctions* [D.E. # 11], NBGC's *Time-Sensitive Motion to Dismiss, or Alternatively, Motion for Demand, and Request for Vexatious Litigant Sanctions* [D.E. # 13], Myers' *Suggestion of Bankruptcy* [D.E. # 23] and Myers' *Motion for Disqualification* [D.E. # 25]. In advance of the hearing, Myers filed no response to either NBC Entities' or NGBC's motions, choosing instead to

file multiple suggestions of bankruptcy for himself and others, improper motions for summary judgment, appeals, an attempted counterclaim against all Defendants' lawyers, and when all else failed, sought to disqualify Judge Reyes. [D.E. # 2, 15, 16, 23, 25].

Immediately the Court found Myers's requested automatic stay stemming from his recently filed bankruptcy inapplicable, his removal was "totally improper", and denied his attempted disqualification. [*See* D.E. # 36 at P. 3, L. 3-20; 9, L. 11-12]. Myers has since dismissed his bad-faith bankruptcy. For the balance of the motions at the conference, the Court was permitted per Local Rule LCvR7(b) to treat the motions as conceded due to Myers's failure to respond, but the Court ordered as follows:

> The Court ORDERS Plaintiff to respond to Defendants' [D.E. #11] Motion to Remand on or before March 24, 2025. The Court also ORDERS Plaintiff to respond to Defendants' [D.E. # 24] Motion regarding dismissal of the bankruptcy proceeding. Defendants will have seven days to respond to both, should they wish.[3]

*See Minute Order* issued on March 10, 2025.

However, Myers, but not Kelly, filed a response that is wholly without merit. *First,* Myers argues NBC Entities waived remand because Myers has filed four (4) improper appeals of various Minute Orders. No rule of Federal Civil or Appellate

---

[3] The Court's Order only referenced NBC Entities Motion, and omitted NGBC's Motion. For the purpose of this response, the requested relief and argument is substantially similar and Myers responded to neither.

5

Procedure, or any case law is provided in support of this statement (there is none). Myers's first appeal has already been dismissed as a bad-faith filing with the D.C. Circuit Court stating:

> FURTHER ORDERED that the motion for sanctions be granted in part. The Court may impose sanctions on a party who brings an appeal "for an improper purpose, such as to harass or to cause unnecessary delay." D.C. Cir. Rule 38. … ***It appears that appellant brought this appeal, and the underlying district court action, in bad faith and for an improper purpose. Specifically, it appears that appellant brought this case in order to forestall the conclusion of the post-judgment matters remaining in the Florida state court litigation***. Appellant has offered no factual or legal justification for attempting to remove the Florida state court case to the district court in the District of Columbia. Appellant also makes contradictory arguments about this court's jurisdiction and purports to move for dismissal of the action he himself brought, which further supports the conclusion that the appeal was brought, not for a proper purpose, but as a delay or harassment tactic. Appellant's history of bad faith litigation in other courts provides additional support for this conclusion. *See, e.g., In re 700 Trust*, No. 24-10230 (Bankr. N.D. Fla. Dec. 27, 2024) (noting that appellant and his wife have a "long and well-documented history of abusing the Bankruptcy Code, the bankruptcy system, and other federal and state courts"). (emphasis added).
>
> [D.E. # 17 at **Exhibit 1**].

The other three appeals will suffer the same fate. *Second,* Myers argues that because he improperly filed an amended complaint *after* final judgment and *after* his third improper removal, the Court is now vested with both federal question jurisdiction and diversity jurisdiction. This is incorrect as a matter of law as argued in the NBC Entities' Remand Motion. Throughout the entirety of the post-judgment proceedings, Myers has sought to resurrect his claims by filing improper removals,

6

bad faith motions, and other vexatious practices. The Court should end these bad-faith practices and sanction Myers appropriately.

*Third,* Myers argues that the NBC Entities challenging his latest Suggestion of Bankruptcy he filed waives remand. This is incorrect. *See Caterpillar, Inc. v. Lewis,* 519, U.S. 61, 74 (1996) (holding that the party "by timely moving for remand, did all that was required to preserve his objection to removal."). NBC Entities promptly filed their Remand Motion and preserved its request. Again, Myers has continued to make filings as if there is a pending case or controversy, when there is none. Final judgment was entered years ago and Myers has attempted to deceive this Court by making multiple improper post-judgment filings and removals.

*Finally,* Myers contends that NBC Entities stated "[w]e didn't receive final judgment in 2022" at the recent hearing based on the Court Reporter's error. This has been corrected per the latest filed transcript by the court reporter. [D.E. #36]. Additionally, NBC Entities's Counsel stated final judgment had been received at least five (5) times at the hearing and dozens of times in all its papers and in response to the appeals. [D.E. # 36 P. 4, L. 16-17, P. 5, L. 9, P. 10-11, L. 22-25, 1-2]. Myers's argument only attempts to mislead the Court to delay the instant proceeding and avoid additional post-judgment sanctions.

Accordingly, the Court should remand the instant case *nunc pro tunc* to November 4, 2024, declaring Myers's third-attempted removal null, void, and of no effect.

## II.     RENEWED REQUESTS FOR FEES, COSTS, AND SANCTIONS

As argued in their Remand Motion, NBC Entities are entitled to their fees and costs as there is no objectively reasonable basis for the instant ***third*** attempted removal of this case. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. App. 888 (11th Cir. 2011); *Sanders v. Farina*, 183 F. Supp. 3d 762, 765-66 (E.D. Va.), *aff'd*, 669 F. App'x 184 (4th Cir. 2016) (fees awarded to plaintiff incurred as result of former client's ***second removal*** of attorney's breach of contract case where defendant's sole basis for removal was the "fatally flawed" theory of his "purported right to jury trial" and the state court judge had ruled three times that defendant had waived the right).

Additionally, NBC Entities renew their request to declare Myers and Kelly vexatious litigants based on vexatious use of the federal courts and repeated improper removals as a method of avoiding properly noticed hearings and forestalling final adjudication of post-judgment motions. *See Procup v. Strickland,* 792 F.2d 1069, 1073 (11th Cir.1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

8

The D.C. Circuit has "established a few basic guidelines for [such] injunction[s]." *In re: Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988). In particular, the Court must "look to both the number and content of the filings as indicia of frivolousness or harassment" and must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* This inquiry requires the Court to consider (1) whether plaintiffs have filed "numerous, similar complaints;" (2) whether plaintiffs' previous filings were "adjudicated as frivolous" and "complete[ly] lack[ed] ... substantive allegations;" (3) whether plaintiff is "attempting to harass a particular adversary;" and (4) whether "the orderly and expeditious administration of justice has been so impeded as to require" a vexatious litigant injunction. *Id*. at 431–34 (internal quotation marks and citation omitted).

For the underlying case, it is one of nearly fifty (50) proceedings instituted by Myers and his wife to either delay, hinder, or obstruct the re-development of the Naples Golf and Beach Club being redeveloped by the NBC Entities. *See List of Vexatious Litigation* attached as **Exhibit 1**. The instant removal is his third removal ***after final judgment*** and on the heels of being sanctioned for the first two removals. Myers has also generated four (4) appeals in this third removal (with four (4) more on the first two (2) removals). The first appeal has been deemed frivolous (along with this removal) and he persisted with three (3) more. Aside from the appeals, he

9

has continually attempted to amend and revive his claims multiple times, even going as far as to sue the attorneys defending the NBC Entities. This clearly satisfies the first three prongs of the D.C. Circuits requirements.

For the final prong, Myers and Kelly have made a mockery of the judicial system, and will continue to do so unless this Court takes swift action to bar them from filing further removals or representing themselves pro se in this action. As argued above, Myers has attempted to stall this case with two-bad faith bankruptcies, judicial disqualification motions, and four (4) appeals in four (4) months. This is well beyond absurd and only this Court's sanctions can grant the NBC Entities the relief required. This request is not meant to limit the Court's ability to impose additional sanctions to curb Myers's and Kelly's abusive conduct.

### III. <u>CONCLUSION</u>

Myers's third removal is a continuation of his vexatious conduct and Myers's misleading response only further evidences their intent to delay and obstruct the lower court proceedings. It is appropriate for this Court to remand these claims for lack of jurisdiction *nunc pro tunc* as it has improperly removed for the ***third*** time.

WHEREFORE, NBC Entities respectfully request this Court grant the Remand Motion *nunc pro tunc* and expeditiously enter an Order allowing the following relief:

1. Remand of the instant case *nunc pro tunc* to November 4, 2024, declaring Myers's third-attempted removal null, void, and of no effect;

2. Denying all pending motions, counter-claims, and attempted amendments of claims filed by Myers in this Court;

3. Declaring Myers and Kelly vexatious litigants and enter an injunction prohibiting any person, entity related to, associated with, employed by, controlled by, or otherwise on their behalf from filing any further matters or removals in any federal court absent either (i) the prior authorization of the appropriate court or (ii) the complaints, petitions, or removals are signed by an attorney in good standing with their applicable state bar and licensed to practice law in that jurisdiction;

4. Award NBC Entities its attorneys' fees, costs, and expenses incurred resulting from the third removal of the State Court Litigation. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

### **Conferral Requirement**

Because this is a Reply and a dispositive motion, NBC Entities have no conferral obligation pursuant to LCvR 7(m). However, NBC Entities did confer with the remaining Defendant, Naples Golf and Beach Club, Inc. who consents to the relief requested.

Respectfully submitted this 31st day of March, 2025.

   *s/ Glenn Burhans, Jr.*
Glenn Burhans, Jr. (admitted *pro hac vice*)
Florida Bar No. 605867
Christopher R. Clark (admitted *pro hac vice*)
Florida Bar. No. 1002388
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON PA**
106 East College Ave., Suite 700
Tallahassee, FL 32301
Telephone (850) 580-7200
Facsimile (850) 329-4844
gburhans@stearnsweaver.com
crclark@stearnsweaver.com
cacosta@stearnsweaver.com

Maria A. Fehretdinov
Bar ID: FL0083
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON PA**
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone (305) 789-3200
mfehretdinov@stearnsweaver.com
mleon@stearnsweaver.com

*Counsel for Naples Property Holding Company, LLC, Naples Beach Club Land Trust Trustee, LLC, Naples Beach Club Phase II and III Land Trust Trustee, LLC, and NBC Club Owner, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March, 2025, the undersigned counsel electronically filed the foregoing through the CM/ECF and served via electronic mail to:

Gregory B. Myers
700 Gulf Shore Blvd. N
Naples, FL 34102
gregbmyers@verizon.net
Plaintiff *pro se*

Barbara Ann Kelly
700 Gulf Shore Blvd. N
Naples, FL 34102
bakellymyers@verizon.net
Plaintiff *pro se*

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Dr., Suite 501
Naples, FL 34108
jfridkin@gunster.com
lkinder@gunster.com
*Counsel for Defendant Naples Golf and Beach Club, Inc.*

                *s/ Glenn Burhans, Jr.*
                Glenn Burhans, Jr. (admitted *pro hac vice*)
                Florida Bar No. 605867