IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC

2025 MAR 31 P 11: 25

RECEIVED

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs,

v.

NAPLES GOLF AND BEACH CLUB, INC., a
Florida Corporation; NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware limited liability company;
NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a
Delaware limited liability company,

    Defendants.

Case 1:24-cv-03127-ACR

_____/

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a Delaware
limited liability company,

    Defendants / Counterclaimants,

v.

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs / Counterdefendants.

_____/

RECEIVED
Mail Room

APR - 1 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## AMENDED RESPONSE IN OPPOSITION TO MOTION TO REMAND

1

Gregory B. Myers ("Mr. Myers"), pursuant to this Court's March 10, 2025, MINUTE ORDER, hereby files this amended response in opposition to the NBC ENTITIES' TIME SENSITIVE MOTION TO DISMISS, OR ALTERNATIVELY, MOTION TO REMAND, AND REQUEST FOR VEXATIOUS LITIGANT SANCTIONS (Document 11) (the "Motion to Remand"). In support, Mr. Myers respectfully states:[1]

Given the procedural posture of this case—including multiple appeals having been filed in the United States Court of Appeals for the District of Columbia Circuit—any argument for remand has now been waived.

On February 5, 2025, the Court docketed an "AMENDED COMPLAINT" with a Demand for Trial by Jury (Document 16) where there is both federal question jurisdiction (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332). Accordingly, for this reason alone, the Court cannot remand this case.

On February 10, 2025, this Court entered an order dismissing ("DENIED") Mr. Myers's Third-Party Complaint and Demand for Trial by Jury, which order is currently on appeal in the United States Court of Appeals for the District of Columbia Circuit.

On March 10, 2025, the NBC Entities filed a Motion to Withdraw the Reference (Document 24), thereby waiving any alleged right to seek remand.

Moreover, there is no final judgment resolving all claims against all parties in this case as Mr. Myers's Motion For Summary Judgment (Document 15) remains pending and unresolved in

---

[1] **This Court is advised that Mr. Myers is contemporaneously filing a <u>MOTION TO TRANSFER ACTION TO THE COURT OF FEDERAL CLAIMS</u>. Pursuant to 28 U.S.C. § 1292(d)(4)(B), "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion."**

this case. See *Gaylor v. Greenbria of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp. 2d 1374, 1382 (N.D. Ga. 2013) ("The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard."). See also *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004) ("Crossmotions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.").

Moreover, both the NBC Entities and NGBC argued for dismissal of this case because, as counsel for the NBC Entities (Mr. Clark) told this Court at the hearing on March 10, 2025, "there is no case or controversy here." Counsel for NGBC (Mr. Fridkin) concurred:

> MR. FRIDKIN: Your Honor, this is Jeff Fridkin. I would like to suggest in a dismissal for lack of jurisdiction, a dismissal of this option for lack of jurisdiction is a perfectly sound ruling.

Then, on March 10, 2025, the Court ruled from the bench as follows:

> THE COURT: I have zero jurisdiction to deal with this other than to dismiss the case. I mean, I have jurisdiction to dismiss the case, because there's no case or controversy here so far as I can tell. *** I mean, obviously I'm going to grant the motion to dismiss. The D.C. Circuit basically said I have to. So I'm going to grant the motion to dismiss.

**WHEREFORE**, Mr. Myers respectfully requests that this Court enter an Order **DENYING** the Motion to Remand (Document 11).

Dated: March 31, 2025

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.

Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2025, a copy of the foregoing was furnished via first class U.S. Mail, postage prepaid to the following parties:

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive, Suite 501
Naples, FL 34108

Glenn T. Burhans, Jr.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602

Gregory B. Myers