IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs,

v.

                          Case 1:24-cv-03127-ACR

NAPLES GOLF AND BEACH CLUB, INC., a
Florida Corporation; NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware limited liability company;
NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a
Delaware limited liability company,

    Defendants.

_____/

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a Delaware
limited liability company,

    Defendants / Counterclaimants,

v.

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs / Counterdefendants.

_____/



**MOTION TO TRANSFER ACTION TO THE COURT OF FEDERAL CLAIMS**

1

Pursuant to 28 U.S.C. § 1491, Gregory B. Myers ("Mr. Myers") respectfully moves this Court to enter an Order transferring this action to the United States Court of Federal Claims.[1] In support, Mr. Myers states as follows:

This is an action involving real property where the United States of America, the United States Army Corps of Engineers (USACE), and the Federal Emergency Management Agency (FEMA) (together, the "Government") are indispensable parties that must be included for the court to accord complete relief among existing parties and render a final judgment. See Rule 19 of the Federal Rules of Civil Procedure. Mr. Myers will move to correspondingly amend his complaint to add the relevant Government agencies as defendants. See Rule 15. of the Federal Rules of Civil Procedure.

Mr. Myers complains of the actions of the Government and seeks, *inter alia*, just compensation in excess of $10,000 USD for a taking of Mr. Myers's property in violation of the takings clause of the Fifth Amendment to the United States Constitution. Accordingly, Mr. Myers's claims fall within the Tucker Act such that the United States Court of Federal Claims ("Court of Federal Claims") has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1491(a)(1) (*i.e.*, the "Big Tucker" Act).

For the past 20 years, the Government has had an interest in the property in the light green shaded area shown on the map attached hereto as **Exhibit A** (the "Floodplain"). The Floodplain includes federally regulated wetlands (i.e., coastal/tidal wetlands containing brackish water) and other "waters of the United States" subject to federal regulation and under the jurisdiction and control of the Government (i.e., USACE). See composite **Exhibit B**.

---

[1] **Pursuant to 28 U.S.C. § 1292(d)(4)(B), "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion."**

The Floodplain is in a Special Flood Hazard Area[2] encumbered by a 2019 agreement (the "Agreement" or "Contract") to protect against flooding in the surrounding community (i.e., providing "significant public benefit"). The Agreement is a valid and legally binding contract, and Mr. Myers has a legally protected interest in enforcing the Government's obligations under the Agreement. The Government's actions and breach of their obligations vis a vis enforcement of the Agreement has resulted in the wrongful taking of Mr. Myers's property in violation of the takings clause of the Fifth Amendment to the United States Constitution.

The taking commenced on or about May 18, 2021, when the Government (FEMA) issued a "Letter of Map Revision" ("LOMR") to the City of Naples. See **Exhibit C**, **Exhibit D**, and **Exhibit E**.[3] However, the Government **cannot** issue a "Letter of Map Revision" or "LOMR" based on the effects of *proposed projects or future conditions*. Rather, the Government shall process a LOMR *only for projects that have already been completed*.

Here, the Government issued a LOMR—revising the location of the boundary for the 100-year flood plain line as declared on FEMA's flood plain maps[4]—for a project that had *not* yet begun construction. The result is that the Government's LOMR effectively authorized and encouraged substantial new development and other physical measures (i.e., water control

---

[2] A Special Flood Hazard Area or "SFHA" is "the land within the flood plain within a community subject to a 1 percent or greater chance of flooding in a given year." 44 C.F.R. § 59.1.

[3] The "MT-2 Form 1" which the Naples Golf and Beach Club, Inc. and the City of Naples submitted to FEMA was the *product of fraud* as "all necessary Federal, State, and local permits" were *not* obtained, including without limitation, compliance with the Endangered Species Act (ESA). The City of Naples Flood Plain Coordinator (Christa Carrera) who signed the "MT-2 Form 1" submitted to FEMA admitted during an *ethics investigation* that she had accepted payments from private developers seeking to obtain permits from the City of Naples in violation of the Ethics Code.

[4] No revised plat was ever recorded in the land records.

structures) in the Coastal High Hazard Area and Floodplain without considering the adverse effects of the proposed project and future conditions. The Government's actions, in effect, resulted in the construction of a quasi-levee system or floodwall system which diverted the flow of water to Mr. Myers's property.

The Government's actions did not comply with the program's requirements and the process was procedurally deficient, resulting in the issuance of LOMR that is unsupported and unsustainable. Moreover, the Government directed other government agencies and instrumentalities to carry out its wishes with respect to its decisions.

In September 2022, Hurricane Ian pushed through the Gulf of Mexico and made landfall on the west coast of Florida, causing widespread flooding and catastrophic damage brought about by storm surge. The inundation of, destruction of, substantial damage to and/or devaluation of Mr. Myers's property was the natural, direct, reasonably foreseeable, and probable consequence of the Government intentionally issuing the subject LOMR, constituting a taking by the Government without just compensation in violation of the takings clause of the Fifth Amendment to the United States Constitution.

The Government's decision to take a flowage easement over Mr. Myers's property without just compensation was knowing and intentional. At the time the decision was made, it was foreseeable, and the Government knew, or should have known, that it was sacrificing and condemning hundreds of homes in the vicinity of the Naples Beach Club, including Mr. Myers's home. The Government's decision has also permanently altered the Coastal High Hazard Area and Floodplain in such a manner that future flooding will be more likely in areas not previously subject to flooding, leading to further losses in home values. Moreover, the Government has failed to

perform any mitigation or restoration activities to offset the harm caused by the development activities that have occurred since the LOMR was issued.

On February 28, 2024, Luigi G Federici ["CIV USARMY CESAJ (USA)"] issued an email to various members of the United States Army Corps of Engineers (USACE) and Mr. Myers, stating:

> Good afternoon,
>
> The below information is provided to you regarding alleged unauthorized work at 851 Gulf Shore Blvd N. Naples, FL,34102. Mr. Myers sent an email about an ongoing project in Naples FL to the SAJ general email inbox at approx. 1500 on 28 February 2024. It was then forwarded to me as the RPA for the Ft. Myers USACE Permitting Office. Mr. Myers requested via email and a phone conversation that he would like this matter to be immediately brought to the attention of the USACE SAJ Enforcement Team and the FDEP. **This because Mr. Myers clearly pointed out that the Naples Golf and Beach Club neglected to obtain a permit from the USACE Jacksonville FL Regulatory Division.** As per the FDEP ERP Permit #387544-001 (page 2 & 3) "Your proposed activity as outlined on your application and attached drawings does not qualify for Federal authorization pursuant to the State Programmatic General Permit and a SEPARATE permit or authorization shall be required from the Corps. You must apply separately to the Corps using their APPLICATION FOR DEPARTMENT OF THE ARMY PERMIT, ENG FORM 4345, or alternative as allowed by their regulations". It is of note that the RPA for the Ft. Myers Permitting Office did not find a project on file in USACE database for this project site. Also, the Supplemental Site Assessment Report (for Shelton Jaguar) 800 9th Street North Naples, Florida is available upon request from Mr. Myers. In closing, Mr. Myers has been provided information on how to contact the USACE SAJ Enforcement Team and we thank him for his concern for environmental standards, state regulations and federal guidelines for projects in Waters of the United States (WOTUS).

(Emphasis supplied). A copy of Mr. Federici's February 28, 2024, email is attached hereto as **Exhibit F**.

5

Where the Government has both the statutory authority over the relevant actions and the ability to prevent a certain effect, the Government can be considered a legally relevant "cause" of the effect (i.e., the flooding of Mr. Myers's property). Here, the totality of the Government's actions, including the Government's administration of the subject LOMR, is a relevant cause of jeopardy. But for the affirmative acts by the Government in issuing the subject LOMR, Mr. Myers would not have suffered the same amount of water invasion and flooding. In other words, Mr. Myers contends that the level of flooding would not have occurred absent federally authorized activity.

Mr. Myers has a property interest which the government has taken. When the Government's actions expose property owners to increased flood hazards, the Government owes compensation for damages under the Fifth Amendment to affected property owners. Mr. Myers has a cognizable property interest in a flowage easement and that property interest is compensable under the Fifth Amendment. Where a flowage easement or other property right exists, Congress cannot supersede the constitutionally guaranteed right to just compensation in the event of a federal action that takes that property right. As a direct result of the Government taking, exceeding and/or expanding flowage easements over Mr. Myers's property, Mr. Myers is entitled to recover just compensation.

**WHEREFORE**, pursuant to 28 U.S.C. § 1491, and for the reasons set forth above, Mr. Myers respectfully requests that this Court enter an Order transferring this action to the United States Court of Federal Claims.

Dated: March 31, 2025

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March 2025, a copy of the foregoing was furnished via first class U.S. Mail, postage prepaid to the following parties:

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive, Suite 501
Naples, FL 34108

Glenn T. Burhans, Jr.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602

Gregory B. Myers