IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs,

v.

Case 1:24-cv-03127-ACR

NAPLES GOLF AND BEACH CLUB, INC., a
Florida Corporation; NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware limited liability company;
NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a
Delaware limited liability company,

    Defendants.
_____/

NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC,
a Delaware limited liability company, as Trustee under the
Land Trust Agreement dated as of May 27, 2021; NAPLES
BEACH CLUB PHASE II AND III LAND TRUST
TRUSTEE, LLC, a Delaware limited liability company, as
Trustee under the Land Trust Agreement dated as of
May 27 2021; and NBC CLUB OWNER, LLC, a Delaware
limited liability company,

    Defendants / Counterclaimants,

v.

GREGORY B. MYERS, and
BARBARA ANN KELLY,

    Plaintiffs / Counterdefendants.
_____/

**EMERGENCY MOTION TO STAY ALL PROCEEDINGS**



1

On March 31, 2025, pursuant to 28 U.S.C. § 1491, Gregory B. Myers ("Mr. Myers") filed in this case a <u>MOTION TO TRANSFER ACTION TO THE COURT OF FEDERAL CLAIMS</u> (Document 41; Document 41-1) (collectively, the "Transfer Motion").

Pursuant to 28 U.S.C. § 1292(d)(4)(B), "When a motion to transfer an action to the Court of Federal Claims is filed in a district court, *no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion*." (Emphasis added)[1]

As of April 7, 2025, this Court has *not* "ruled upon the [Transfer Motion]." The role of the judicial branch is to apply statutory language, not to rewrite it. Absent the required statutory stay—"until 60 days after the court has ruled upon the [Transfer Motion]"—Mr. Myers will suffer irreparable harm as future actions/transactions could be impossible or prohibitively costly and complex to unwind.

**WHEREFORE**, pursuant to 28 U.S.C. § 1292(d)(4)(B), this Court must ("shall") stay all proceedings in this case (including the April 1, 2025, MINUTE ORDER) "until 60 days after the court has ruled upon the [Transfer Motion]."

Dated: April 7, 2025

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

---

[1] Mr. Myers avers that this Court's April 1, 2025, MINUTE ORDER—which was entered in violation of 28 U.S.C. § 1292(d)(4)(B)—constitutes clear error of law and is accordingly void and of no legal force or effect.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of April 2025, a copy of the foregoing was furnished via first class U.S. Mail, postage prepaid to the following parties:

Jeffrey D. Fridkin
Gunster, Yoakley & Stewart, P.A.
5551 Ridgewood Drive, Suite 501
Naples, FL 34108

Glenn T. Burhans, Jr.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602

Gregory B. Myers